**LAW OFFICES OF GABRIEL DEL VIRGINIA**    Presentment: 5/31/18 @ noon

30 Wall Street, 12th Floor                                 Objections Due: 5/30/18 @ 5:00 p.m.

New York, New York 10005

Telephone: 212-371-5478

Facsimile: 212-371-0460

*gabriel.delvirginia@verizon.net*

*Attorneys for the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:                                                                      Chapter 11

    **ZENITH MANAGEMENT I, LLC,**          Case No. 16-43485 (NHL)

                      Debtor.

## NOTICE OF PRESENTMENT OF DEBTOR'S APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF MYC & ASSOCIATES, INC. AS REAL ESTATE BROKER FOR DEBTOR

    **PLEASE TAKE NOTICE** that the undersigned will present the application (the "Application") of Zenith Management I, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor") seeking entry of an order pursuant to Sections 327(a) and 328 of the Bankruptcy Code authorizing the employment of MYC & Associates, Inc. as real estate broker for the Debtor, *nunc pro tunc* to the petition date to the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, at her Honor's Chambers, United States Bankruptcy Court, Eastern District of New York, 271-C Cadman Plaza East, Brooklyn, New York 11201, for signature on **May 31, 2018, at 12:00 noon, prevailing Eastern time;**

    **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the relief

requested in the Application must be in writing, must conform to the Federal Rules of Bankruptcy Procedure and the Local Bankruptcy Rules of the Bankruptcy Court for the Eastern District of New York (the "Court"), must set forth the name of the objecting party, and the basis for the objection and the specific grounds therefor, and must be filed with the Court electronically, (with a hard copy delivered directly to chambers), and any objection must further be served upon: (i) Law Offices of Gabriel Del Virginia, 30 Wall Street, 12th Floor, New York, New York 10005, Attention: Gabriel Del Virginia, Esq. and (ii) the United States Trustee's Office for the Eastern District of New York, 201 Varick Street, 1006, New York, New York 10004, so as to be received no later than **May 30, 2018 at 5:00 p.m. prevailing Eastern Time.**

**PLEASE TAKE FURTHER NOTICE** that, unless objections are timely filed and received, the relief requested in the Application may be granted without a hearing.

Dated:       New York, New York
             May 23, 2018

                                        **LAW OFFICES OF
                                        GABRIEL DEL VIRGINIA**
                                        *Attorneys for the Debtor
                                        and Debtor-in-Possession*

                                        **By: *Gabriel Del Virginia***
                                        30 Wall Street, 12th Floor
                                        New York, New York 10005
                                        Telephone: 212-371-5478
                                        Facsimile: 212-371-0460
                                        *gabriel.delvirginia@verizon.net*

2

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**Presentment: 5/31/18 @ noon**
**Objections Due: 5/30/18 @ 5:00 p.m.**

*Attorneys for the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

    **ZENITH MANAGEMENT I, LLC,**

                Debtor.

Chapter 11

Case No. 16-43485 (NHL)

## APPLICATION FOR AN ORDER PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF MYC & ASSOCIATES, INC. AS REAL ESTATE BROKER FOR DEBTOR

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

        Zenith Management I, LLC, debtor and debtor-in-possession in the above-captioned case (the "Debtor"), by and through its counsel, the Law Offices of Gabriel Del Virginia, as and for its Application (the "Application"), pursuant to Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), and sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order authorizing the employment and retention of MYC & Associates, Inc. (the "Broker") as real estate broker for the Debtor, *nunc pro tunc* to the Petition Date (as defined below), respectfully represent:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Application by virtue of 28 U.S.C. §§ 157 (a) and (b), 1334 (b), and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Eastern District of New York (Ward, Acting C.J.), dated July 10, 1984. The statutory predicates for the relief sought by this Application are sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Bankruptcy Rule 2014-1.

## BACKGROUND

### A.    The Filing of the Petition

2.      On August 3, 2016, (the "Petition Date") the Debtor filed a voluntary petition (the "Petition") for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Eastern District of New York (the "Court").

3.      The Debtor is a Single Member Limited Liability Company established in New York that owns two (2) parcels of real property located at: (i) 99-13 43rd Avenue, Corona, New York 11368 (the "Corona Property"); and (ii) 108-20 48th Avenue, Flushing, New York 11368 (the "Flushing Property", with the Corona Property, the "Properties"), each being valued at approximately $1.2 million.

4.      The Flushing Property is subject to a mortgage in favor of JPMB in the amount of $558,891.48 (the "JPMB Mortgage").   The Corona Property is subject to a mortgage in favor of New York Community Bank ("NYCB", together with JPMB, the "Lenders") in the amount of $312,084.37 (the "NYC Mortgage", with the JPMB Mortgage, the "Mortgages").   Both Lenders are over-secured.

5.    The Debtor had fallen behind in payments under both Mortgages prior the Petition Date due to several nonpaying tenants as well as increased fuel costs during 2014 and 2015.  Additionally, both Mortgages had expired.[1]  As such, the Debtor was in the process of refinancing.

6.    The Debtor's bankruptcy was necessitated by a default judgement in favor of Karla Vera ("Vera") entered by the Supreme Court of the State of New York, County of Queens (the "State Court") on September 29, 2015.  On April 12, 2016, the State Court entered a judgment (the "Vera Judgment") awarding Vera damages in the amount of $355,954.79 for injuries alleged to have resulted from a slip and fall at the Flushing Property.  After obtaining the Vera Judgment, Vera obtained a lien (the "Vera Lien") on the Flushing Property.  The Debtor, however, was unaware of the Vera Judgment and the Vera Lien because, unbeknownst to the Debtor, the complaint was served upon the Debtor's prior counsel who still was listed as the Debtor's registered agent for service of process.

7.    The prospective lender and Debtor discovered the Vera Judgment and Vera Lien on the title search as the Debtor was preparing to close on refinancing of the Corona Property.  As a result, Brick Capital withdrew its financing offer – thus necessitating the Debtor's bankruptcy filing.

**B.    Events Subsequent to the Petition Date**

8.    Since the Petition Date, the Debtor has actively been negotiating with

---

[1] JPMB had obtained a foreclosure judgment by default on the Flushing Property based on the Debtor's nonpayment.

various lenders to refinance the Properties.  Significant progress has been made, and while the Debtor does not yet have a financing commitment, it believes that ultimately it will be able to achieve its goal of refinancing the Properties.

9.    On October 27, 2017, the Debtor filed its Plan of Reorganization (the "Plan") and Disclosure Statement.  A hearing on the Disclosure Statement remains pending.

10.    The Debtor has entered into a Stipulation and Order dated December 12, 2017 [Docket Nos. 63 and 66] pursuant to which it has agreed not to contest the Vera Judgment.  The Stipulation and Order further provides that if the Debtor was unable to obtain financing by February 28, 2018, it would file the appropriate pleadings to retain an auctioneer and seek approval of bidding procedures for the sale of one or both of the Properties.  Thus, the Debtor filed its motion seeking approval of bid procedures on April 2, 2018 [Docket Nos. 69 and 70] and now files the instant Application.

**RELIEF REQUESTED**

11.    The Debtor seeks approval, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, Bankruptcy Rule 2014, and Local Rule 2014-1 to employ and retain the Broker in connection with this Chapter 11 case to market and sell the Properties at a public auction.

**BASIS FOR RELIEF**

12.    Section 327(a) of the Bankruptcy Code provides that the Debtor is

permitted to employ professional persons "that do not hold or represent an interest adverse to the estate, and that are disinterested persons." Section 328 of the Bankruptcy Code provides, in pertinent part, that under section 327 of the Bankruptcy Code, a professional may be employed "on any reasonable terms and conditions of employment, including . . . on a contingent fee basis." 11 U.S.C. § 328(a).

13.    Bankruptcy Rule 2014 provides that an application for retention of a professional person must include:

> [S]pecific facts showing the necessity for the employment, the names of the person to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and to the best of the applicant's knowledge, all of the person's connections with the debtor, creditors, and any other party in interest, their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee.

14.    By this Application, the Debtor requests that the Court approve the employment and compensation arrangements described in the Affidavit of Marc P. Yaverbaum in Support of the Retention of MYC & Associates, Inc. as Real Estate Broker to the Debtor (the "Yaverbaum Affidavit") annexed hereto as **Exhibit A** and described below, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code. The retention of the Broker will be beneficial to the Debtor's estate because it will provide the Debtor with much needed assistance in selling the Properties.

15.    Further, the Debtor believes that the compensation arrangement provided for in the Yaverbaum Affidavit and described below provides both certainty and the proper inducement for the Broker to act expeditiously and prudently.

## SERVICES TO BE PROVIDED BY THE BROKER

16.     As set forth above, the Debtor wishes to employ the Broker to assist it in marketing and selling the Properties. The Broker is familiar with the Properties and is well-qualified to sell the Properties.  Further, the Broker is familiar with the New York real estate market.  Accordingly, the Broker is well qualified to market the Properties prior to the auction.

17.     To advertise the sale of the Properties and the auction, the Broker's marketing efforts will include, but not be limited to the following:

a.     <u>MYC & Associates, Inc.</u> – the Broker will cause a listing of the Properties to appear on its website; MYCcorp.com.  The Broker's website is known as a listing source for distressed assets available for purchase;

b.     <u>MLS</u> – the Broker will list the Properties with a statewide multiple listing service across all of New York's 62 counties;

c.     <u>E-mail Blasts</u> - the Broker will cause multiple e-mail notifications to be sent to its subscriber database.  The Broker's subscribers consist of real estate professionals, investors, brokers and buyers who, in addition to having interest in purchasing real property, maintain their own network of potential purchasers for the Properties;

d.     <u>The New York Times</u> – the Broker will cause an ad to appear in

auction section of The New York Times;

e.     LoopNet – the Broker will list the Properties on loopnet.com; a worldwide commercial MLS listing platform;

f.     The World Journal – the Broker will cause a print advertisement to appear in The World Journal. The World Journal is a daily Chinese language newspaper published in North America. It is the largest Chinese language newspaper in the United States and one of the largest Chinese language newspapers outside of China, with a daily circulation of 350,000;

g.     Real Estate Weekly – the Broker will cause an ad to appear in this weekly publication. Real Estate Weekly has been published weekly since 1954 and reaches over 30,000 readers in New York, New Jersey, Connecticut, Long Island and Westchester;

h.     Property Shark - the Broker will cause a digital advertising campaign which included over 200,000 impressions of the artwork advertising the Properties, to appear on propertyshark.com;

i.     NYREJ – the Broker will cause an online advertisement to appear in the New York Real Estate Journal. In addition to the

print advertisement, an e-mail blast will be sent to NYREJ's digital subscribers;

j.    StreetEasy – the Broker will cause a premium listing of the Properties to appear on StreetEasy.com. StreetEasy is New York City's leading local real estate marketplace on mobile and Web. It provides New Yorkers access to listings from hundreds of real estate brokerages throughout New York City and the major NYC metropolitan area;

k.    Trulia – the Broker will list the Properties on Trulia.com. Trulia is an online residential real estate site for home buyers, sellers, renters and real estate professionals;

l.    Zillow – the Broker will list the Properties on Zillow.com. Zillow serves the full lifecycle of owning and living in a home: buying, selling, renting, financing, remodeling and more;

m.    Realtor.com – the Broker will cause a listing of the Properties to appear on Realtor.com.  Realtor.com is boasts that it is real estate's most accurate online and mobile destination with direct connections to over 800 national MLS's and property updates every 15 minutes;

n.    Homes.com – the Broker will list the Properties on

Homes.com. Homes.com provides advertising and marketing services that helps real estate professionals connect with buyers;

o.   ADWERX – the Broker will use display advertisements to appear on Facebook and thousands of other websites such as Yahoo.com, Youtube.com, Latimes.com, Huffingtonpost.com, CNN.com, ABCnews.com, USAtoday.com, Foxnews.com, Espn.com and Washingtonpost.com. ADWERX is digital marketing tool that allows the Properties to be advertised on the entire web with a target display advertisement by location;

p.   Social Media – the Broker will continue to use its social media accounts to inform its followers of the availability of the Properties and the Auction Sale;

q.   For Sale Sign – the Broker will place a "For Sale" signed to be affixed to the Properties to attract both pedestrian and vehicular traffic; and

r.   The Jewish Herald – the Broker will cause a display advertisement to appear in The Jewish Herald.

18.   The Debtor submits that the Broker's fulsome marketing strategy is well-suited to garner the best possible outcome for the estate at the auction.

19.    The Broker has proposed that an auction be scheduled for late July in order to provide sufficient time to market the Properties and maximize value for the estate.

## TERMS OF THE PROPOSED RETENTION

20.    The Debtor continues its efforts to refinance the Properties to satisfy its obligations to its creditors. As such, the Broker has agreed that if the Debtor successfully refinances the Properties and they need not to be sold, the Broker will seek a fee of $15,000 per property plus reimbursement of all expenses. This will allow the Properties to be marketed in tandem with the Debtor's efforts to refinance one or both of the Properties.

21.    If one or both of the Properties are successfully sold by the Broker, the Broker will seek a commission of 5% calculated from the gross proceeds realized from the sale of the Property or Properties and will absorb all expenses in connection with the Broker's marketing and sale of the Properties.

22.    The Debtor respectfully submits that, insomuch as the Broker's compensation is results-oriented and directly related to benefits received by the estate, requiring the Broker to file periodic fee applications pursuant to sections 330 and 331 of the Bankruptcy Code and in compliance with Bankruptcy Rule 2016 and Local Rule 2016-1 is unnecessary.

23.    As noted above, the Broker's compensation will not be calculated and paid based on the number of hours expended providing services to the Debtor.

Therefore, the Broker requests that it be excused from filing time records in accordance with United States Trustee Guidelines for the Eastern District of New York and Local Rule 2016-1. The Broker will, however, file a final fee application in accordance with applicable Bankruptcy Rules, Local Rules and any Orders entered by the Court.

## THE BROKER'S DISINTERESTEDNESS

24.    To the best of the Debtor's knowledge, the Broker does not have any connection with or any interest adverse to the Debtor, its creditors, or any other party-in-interest, or their respective attorneys and accountants, except as otherwise set forth in the Yaverbaum Declaration.

25.    The Broker has represented to the Debtor that it has not provided and will not provide services to any parties other than the Debtor in this case or in conjunction with any matters that would be adverse to the Debtor arising from, or related to, this Chapter 11 case.  The Broker has represented to the Debtor that it have no connections to the U.S. Trustee or any person employed in the Office of the U.S. Trustee in the Eastern District of New York.

26.    Based on the Yaverbaum Declaration, the Debtor believes that the Broker is "disinterested persons" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code. The Debtor has been informed that the Broker will conduct an ongoing review of its files to ensure that no disqualifying circumstances arise, and if any new relevant facts or relationships are discovered, the Broker will supplement its disclosure to this Court.

27.    The Debtor's retention of the Broker pursuant to the terms and conditions set forth herein is necessary and in the best interests of the Debtor, its creditors and estate.

## NUNC PRO TUNC RETENTION

28.    The Debtor seek approval of the Broker's retention *nunc pro tunc,* to the Petition Date.  The Broker has provided services to the Debtor prior to the date of this application which included its appearance at hearings on this case as well as providing advice to the Debtor and its counsel.

## NOTICE

29.    Notice of this Application has been provided either by electronic transmission or first-class mail to: (i) the United States Trustee's Office for the Eastern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014; (ii) the parties listed on the Debtor's bankruptcy petition schedules; (iii) the Debtor's secured lenders; and (iv) any parties required to be served under any applicable Bankruptcy Rule or Local Rule. The Debtor submits that, under the circumstances, no other or further notice is necessary.

## NO PRIOR REQUEST

30.    No prior request for the relief requested herein has been made to this or any other Court.

## CONCLUSION

**WHEREFORE**, the Debtor respectfully requests entry of the order substantially in the form annexed as **Exhibit B**, authorizing the retention of the Broker to market and sell the Properties at auction together with such other and further relief as is just and proper.

Dated:      New York, New York
              May 23, 2018

**LAW OFFICES OF
GABRIEL DEL VIRGINIA**
*Attorneys for the Debtor
and Debtor-in-Possession*

**By: *Gabrie1 De1 Virginia***
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**<u>Exhibit A</u>**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:

ZENITH MANAGEMENT I, LLC,

                              Debtor.

----------------------------------------------------------X

Chapter 11

Case No. 16-43485 (NHL)

## AFFIDAVIT OF MARC P. YAVERBAUM IN SUPPORT
## FOR THE RETENTION OF MYC & ASSOCIATES, INC.
## <u>AS A REAL ESTATE BROKER TO THE DEBTOR</u>

STATE OF NEW YORK     )
                                        ) ss.:
COUNTY OF RICHMOND )

      MARC P. YAVERBAUM, being duly sworn, deposes and says:

      1.    I am a member of the firm MYC & ASSOCIATES, INC. ("**MYC**"), maintaining its office at 1110 South Avenue, Suite 22, Staten Island, New York 10314.

      2.    This affidavit is being submitted in accordance with the application of Zenith Management I, LLC, as the chapter 11 debtor-in-possession (the "**Debtor**"), to retain MYC as a real estate broker.

      3.    MYC is a full service asset management firm whose principals have been engaged in this field for many years and have dealt with the type of property and jurisdiction involved herein.

      4.    MYC is duly licensed to transact business as a real estate broker and I am permitted to represent the firm as such as recognized by the Department of State of New York, unique identification number 10311200163.

5.      In preparing this Declaration, I reviewed the names of individuals and entities that may be parties in interest in the Debtor's case, including the Debtor, the Debtor's creditors and other parties in interest as set forth in the Debtor's bankruptcy schedules and other parties having filed appearances and other documents in the Debtor's case (collectively, the "**Searched Parties**").

6.      MYC has researched its internal records to determine any connection to the Searched Parties. Based on the conflicts and connection search conducted, to the best of my knowledge and belief, MYC neither holds nor represents any interest adverse to the estate herein, and is not related to the Debtor, the attorney for the Debtor, the creditors of this estate, any party in interest or their respective attorneys and accountants, the United States Trustee, or any person employed in the office of the United States Trustee, except that in the past, counsel to the Debtor has retained the services of MYC in other bankruptcy matters.  The undersigned is "disinterested" as that term is defined in Section 101(14) and 327(a) of the Bankruptcy Code.

7.      MYC proposes to broker the assets of the above Debtor consisting of, but not limited to the following real properties:  99-13 43rd Avenue, Corona, NY 11368 ("**Corona**") and 108-20 48th Avenue, Flushing, NY 11368 ("**Flushing**"). Corona and Flushing are herein referred to as the "**Properties**".

8.      For the real estate brokerage services it will render, the undersigned hereby requests that the Court allow MYC a broker commission, only if MYC successfully sells the Properties, in the amount of five percent (5%) of the gross selling price of the Properties.  MYC agrees to absorb all expenses relating to the sale of the Properties if the aforementioned commission is earned and paid in full.

9.      If the Debtor successfully refinances the Properties to the satisfaction of its creditors and this Court, the Debtor has agreed to pay MYC a fee of $30,000 plus reimbursement of all expenses MYC incurred in connection with the sale of the Properties.

10.      No agreement or understanding exists between MYC and any other person for a division of compensation to be received for services rendered in, or in connection with, this Chapter 11 case, nor shall MYC share or agree to share the compensation paid or allowed from the Debtor's estate for such services with any other person unless otherwise ordered by this Court.

11.      No agreement or understanding prohibited by Section 155 of Title 18 of the United States Code, or Section 504 of Title 11 of the United States Code has been or will be made by MYC.

12.      MYC understands that any commissions earned will only be paid upon the submission of a proper application made to this Court and approval thereof.

WHEREFORE, your deponent respectfully requests a proper Order for employment as a real estate broker to the Debtor.

By: /s/ Marc P. Yaverbaum
Marc P. Yaverbaum

Sworn to me before this
21st Day of May 2018

/s/ Victor M. Moneypenny
Victor M. Moneypenny

Notary Public, State of New York
No. 01MO6343439
Qualified in Richmond County

**Exhibit B**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| In re: | |
|---|---|
| **ZENITH MANAGEMENT I, LLC,** | |
| Debtor. | |

Chapter 11

Case No. 16-43485 (NHL)

## ORDER PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF MYC & ASSOCIATES, INC. AS REAL ESTATE BROKER FOR THE DEBTOR NUNC PRO TUNC

Upon consideration of the application (the "Application") of Zenith Management I, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor") seeking entry of an order pursuant to Sections 327(a) and 328 of the Bankruptcy Code authorizing the employment of MYC & Associates, Inc. as real estate broker for the Debtor, *nunc pro tunc* to the petition date[2] pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules") to market and sell the Properties upon the terms and conditions set forth in the Application and the Yaverbaum Affidavit annexed thereto as **Exhibit A**; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that the relief requested in the Application is in the best interests of this estate; and the Court being satisfied, based on the representations made in the Application and the Yaverbaum Declaration that the

---

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Application.

Broker neither represents nor holds any interest adverse to the Debtor's estate and that it is disinterested under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and due and appropriate notice of the Application having been given; and it appearing that no other or further notice need be provided; and good and sufficient cause appearing therefor, it is

**ORDERED**, that the Motion is GRANTED as provided herein; and it is further

**ORDERED**, that in accordance with sections 327(a) and 328 of the Bankruptcy Code, the Debtor is hereby authorized to retain MYC & Associates, Inc. as exclusive broker to market and sell the Properties as provided in the Application; and it is further

**ORDERED**, that the Broker's retention is approved *nunc pro tunc* to the Petition Date; and it is further

**ORDERED**, that if the Debtor successfully refinances one or both of the Properties and they need not to be sold, the Broker will seek a fee of $15,000 per property plus reimbursement of all expenses; and it is further

**ORDERED**, that if one or both of the Properties are successfully sold by the Broker, the Broker will seek a commission of 5% to be calculated from the gross proceeds realized from the sale of the Property or Properties and will absorb all expenses in connection with the Broker's marketing and sale of the Properties; and it is further

**ORDERED,** that the Broker is excused from filing time records and

interim fee applications in accordance with United States Trustee Guidelines for the Eastern District of New York and Local Rule 2016-1; provided however, that the Broker shall file a final fee application; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.