**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

    **ZENITH MANAGEMENT I, LLC,**

                            Debtor.

Chapter 11

Case No. 1-16-43485-nhl

**ORDER, PURSUANT TO 11 U.S.C. §§ 105(a), 330 AND 363**
**APPROVING BID PROCEDURES**

      **UPON** the application (the "Application") [ECF Doc. Nos. 69, 70] of Zenith Management I, LLC, debtor and debtor-in-possession ("Debtor"), by and through its attorneys, seeking entry of an Order of this Court under sections 363(a), (b), (f) and (m), title 11, United States Code, ("Bankruptcy Code"), and Rules 2002, 6004 and 9004 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rule"): (i) authorizing Debtor's sale of the real property commonly known as (a) 99-13 43rd Avenue, Corona, New York 11368 (the "Corona Property") and (b) 108-20 48th Avenue, Flushing, New York 11368 (the "Flushing Property", with the Corona Property, the "Properties") at a public auction (the "Auction Sale") free and clear of all liens, claims, encumbrances and other interests with such liens, claims, encumbrances and other interests to attach to the proceeds of the sale for good and valuable consideration, subject to any and all occupancies, hold-overs, tenancies and/or leases, or any other possessory interest that may exist ("Tenancies"), substantially in accordance with the terms and conditions set forth herein, to the bidder with the highest and best offer to be considered and approved by the Court at said hearing; (ii) scheduling a hearing to approve of the sale of the Properties to the successful bidder or bidders; (iii) approving terms and conditions for submitting offers; and (iv) approving the form and manner of notice with respect to the hearing on this Application ("Sale Hearing"); and (v) granting such other and further relief as this Court deems just and proper under the circumstances; and the matter

having come on for a hearing before the Court on May 24, 2018 (the "Hearing"); and Debtor, through its counsel, having appeared at the Hearing; and the U.S. Trustee, through one of its trial attorneys, having appeared at the Hearing; and the Debtor's secured creditors (the "Secured Creditors") having appeared in the case through counsel and having appeared at the Hearing; and the Court, after due deliberation, having determined that the relief sought by the Debtor is appropriate and should be granted; it is hereby

**ORDERED**, that Debtor's Application is granted insofar as Debtor is authorized to sell the Properties to the highest and best bidder or bidders at an auction sale; and it is further

**ORDERED**, that MYC & Associates, Inc. ("MYC") shall conduct an auction sale ("Auction Sale") on July 26, 2018, at 2:00 p.m. at the United States Bankruptcy Court, 271-C Cadman Plaza East, Brooklyn, New York 11201, Room 2529; and it is further

**ORDERED**, that Debtor shall cause the Auction Sale to be advertised on: (i) the website of MYC, Debtor's Auctioneer retained by Court Order; and (ii) a publication as chosen by the Debtor in consultation with MYC; and it is further

**ORDERED**, that Debtor may not withdraw the Properties from sale or cancel the sale for any reason absent consent of each of the Secured Creditors or separate order of this Court and any such order cancelling the Sale or withdrawing one or more Properties must be based upon notice and opportunity to object; and it is further

**ORDERED**, that under Bankruptcy Code section 363(k), should any of the Debtor's Secured Creditors choose to participate at the Auction Sale to purchase the Property that secures such Secured Creditor's claim, such Secured Creditor shall not be required to tender to Debtor a qualifying deposit to the extent of its secured claim and statutory right to credit bid at Auction Sale but shall be required as with all other bidders to comply with the Bidding Procedures to the extent

such Secured Creditor's credit bid is insufficient to meet the threshold opening bid or concerns a property not securing its claim; and it is further

**ORDERED**, that the following bidding procedures ("Bidding Procedures"), as generally set forth in the Application, are hereby approved:

- A. These terms and conditions of sale (the "**Terms and Conditions of Sale**") are being promulgated in connection with the Bankruptcy Court authorized auction sale (the "**Sale**") of the Debtor's real property commonly known as and located at (a) 99-13 43rd Avenue, Corona, New York 11368 (the "Corona Property") and (b) 108-20 48th Avenue, Flushing, New York 11368 (the "Flushing Property", with the Corona Property, the "Properties"). The seller of the Properties is Zenith Management I LLC (the "**Debtor**" or the "**Seller**"), a Chapter 11 debtor-in-possession case currently pending in the United States Bankruptcy Court, Eastern District of New York under the caption and case number set forth above. The Debtor's Real Estate Broker and Auctioneer is: MYC & Associates, Inc. ("**MYC**" or the "**Auctioneer**"), 1110 South Avenue, Suite 22, Staten Island, New York 10314; Telephone (347) 273-1258; Facsimile (347) 273-1358; email: sales@MYCcorp.com; and website: www.MYCcorp.com.

- B. The Sale of the Properties will take place on Thursday, July 26, 2018 at 2:00 p.m. in Room 2529 of the United States Bankruptcy Court, Eastern District of New York (the "**Court**"), 271 Cadman Plaza East, Brooklyn, New York.

- C. Information regarding the Sale and the Properties can be obtained by contacting the Auctioneer, at the address, telephone number and email address set forth in ¶ A, above.

- D. The opening bid at the Auction Sale for the purchase of the Corona Property individually shall be nine hundred thousand dollars ($900,000.00). The opening bid at the Auction Sale for the purchase of the Flushing Property individually shall be nine hundred thousand dollars ($900,000.00). The opening bid at the Auction Sale for the purchase of the Properties, as a bulk sale as described immediately below, shall be one million eight hundred thousand dollars ($1,800,000.00).

- E. The Properties will first be offered in and then individually. If the bulk bid exceeds the aggregate of the individual bids for the

        Properties, the Properties will be sold in bulk.  If the individual bids for the Properties exceeds the bulk bid, they will be sold individually.

F.     In order to be permitted to bid, either individually or in bulk, on the Properties, prior to the commencement of the Sale, and as a condition to be able to bid at the Sale, each prospective bidder must register with MYC, deliver to MYC the original signed Terms and Conditions of Sale and a bank check in the amount of ninety thousand dollars even ($90,000.00) for an individual property or one hundred and eighty thousand dollars ($180,000) for a bid on both Properties (the "**Qualifying Deposit**") made payable to **Zenith Management I LLC, Debtor In Possession**, which amount shall serve as a good faith deposit against payment of the purchase price by such bidder in the event that such bidder is determined to have made the highest or best bid (the "**Successful Bidder**").

G.     Under Bankruptcy Code section 363(k), should Debtor's Secured Creditors choose to participate at the Auction Sale to purchase the Property that secures such Secured Creditor's claim, such Secured Creditor shall not be required to tender to Debtor a qualifying deposit to the extent of its secured claim and statutory right to credit bid at Auction Sale but shall be required as with all other bidders to comply with the Bidding Procedures and in that regard, to the extent the Secured Creditor's credit bid is less than the minimum threshold bid amount identified in paragraph D, the Secured Creditor must add sufficient cash to its bid to meet the minimum threshold bid amount or to the extent such Secured Creditor's bid concerns a property not securing its claim.

H.     Bidding increments, at the commencement of the Auction Sale, shall be fifty thousand dollars ($50,000.00).  Debtor shall possess the right to increase and/or decrease bidding increments, in consultation with MYC, as the Auction Sale proceeds, to maximize the value of the Properties, to stimulate and encourage bidding.

I.     The minimum reserve sale price ("**Reserve Price**") for the Properties is nine hundred thousand dollars ($900,000) individually or one million eight hundred thousand dollars ($1,800,000.00), in a bulk sale.  Should the proposed sale fail to reach the Reserve Price, either by individual or bulk sale, Debtor may decline to sell the Properties at Auction Sale.

J.     Within forty-eight (48) hours after conclusion of the Sale, the Successful Bidder of the Properties shall deliver to MYC a bank

    check which amount must be equal to ten (10%) percent of the successful bid minus the Qualifying Deposit (together with the Qualifying Deposit, the "**Deposit**"). The Successful Bidder for the Property must execute, and thereby agree to be bound by: (a) these Terms and Conditions of Sale; and (b) a Memorandum of Sale. At the conclusion of the Sale, the Debtor will return the Qualifying Deposits to all other bidders; however, the Debtor shall retain the Qualifying Deposit of the second highest bidder (the "**Second Bidder**").

K. The Successful Bidder must close title (the "**Closing**") to the Property at a date (the "**Closing Date**") that is not more than thirty (30) calendar days after the entry of an order confirming the sale of the Property. **Time being of the essence as to the purchaser, although such date may be extended solely by the Debtor.** The Closing shall take place at the office of the Debtor's attorney, LAW OFFICES OF GABRIEL DEL VIRGINIA, 30 Wall Street-12[th] Floor, New York, New York 10005, or any other location that is solely to be determined by Debtor's counsel.

L. The Court, prior to the Closing, may enter an Order confirming the Sale. The hearing to confirm the Sale shall take place on July 26, 2018 at 3:00 pm before the Honorable Nancy Hershey Lord at the United States Bankruptcy Court for the Eastern District of New York 271-C Cadman Plaza East, Brooklyn, NY 11201.

M. If applicable, the Successful Bidder shall be responsible solely and shall pay any New York City, New York State or other applicable real property transfer taxes incurred by the transfer of the Properties by the estate at the Closing. The Successful Bidder acknowledges that he, she or it will be responsible for the completion of any ACRIS forms, if required.

N. In connection with the Closing and Closing Date, the Successful Bidder is hereby given notice that **time is of the Essence against the Successful Bidder(s) and the failure of the Successful Bidder to close for any reason whatsoever (except as otherwise provided below) including his, her or its failure to pay the balance of the Purchase Price on the Closing Date, will result in the Debtor retaining the Deposit as liquidating damages and the termination of the Successful Bidder's right to acquire the Property under these Terms and Conditions of Sale.** The Successful Bidder shall be obligated to close title to the Properties and there is no contingency of any kind or nature that will permit the Successful Bidder to cancel or avoid his, her or its obligation

        under these Terms and Conditions of Sale other than the Debtor's inability to deliver insurable title to the Properties. Furthermore, the Successful Bidder must demonstrate, to the satisfaction of the Debtor or the Court, as the case may be, evidence of his, her or its ability to conclude the transaction upon these Terms and Conditions of Sale, without delay. The Debtor reserves the right to reject any offeror, who the Debtor, in her sole discretion, believes is not financially capable of consummating the purchase of the Property. **Expenses incurred by the Successful Bidder, or any competing bidder concerning the performance of any due diligence, such as obtaining title reports or environmental inspections, shall be the sole responsibility of such bidder and under no circumstances shall this estate, the Debtor, MYC, or the Debtor's professionals be liable or responsible for, or pay, such expenses.**

O.     In the event that the Successful Bidder for the Properties fails to tender the balance of the Purchase Price on the Closing Date, or otherwise perform his, her or its obligations under these Terms and Conditions of Sale, the Debtor, at its sole option, shall immediately sell the Property or Properties (as applicable) to the Second Bidder without any further notice or approval of the Court, without giving credit for the Deposit forfeited by the Successful Bidder, and upon such other terms and conditions as the Debtor deems appropriate. Should the Second Bidder fail to close title to the Properties within thirty (30) days of receiving from the Debtor, notice, TIME OF THE ESSENCE, (at the address set forth on the bidder registration form) that said Second Bidder is now deemed the Successful Bidder, then the Debtor shall be: (a) authorized to keep the Deposit of the Second Bidder as liquidated damages; and (b) authorized but not obligated to sell the Properties to the next highest bidder, without any further notice or approval of the Court.

P.     The Properties are being sold and delivered **"AS-IS", "WHERE-IS" and "WITH ALL FAULTS"**, without any representations, covenants, guarantees or warranties of any kind or nature whatsoever, and free and clear of all monetary liens, claims and encumbrances of whatever kind or nature, such liens, claims, interests and encumbrances, if any, to attach to the proceeds of Sale in such order and priority as they existed immediately prior to the Sale Date, and subject to, among other things: (a) any state of facts that an accurate survey may show; (b) any covenants, restrictions and easements of record; (c) any state of facts a physical inspection may show; (d) any building or zoning ordinances or other applicable municipal regulations and violations thereof; (e) environmental

    conditions; and (f) subject to all deed restrictions.  By delivering their respective Qualifying Deposits, all bidders acknowledge that they have had the opportunity to review and inspect the Properties, the state of title thereof and laws, rules and regulations applicable thereto, and the form of the Deed that the Debtor will execute to convey the Properties, and will rely solely thereon and on their own independent investigations and inspections of the Properties in making their bids.  All bidders acknowledge that they have conducted their own due diligence in connection with the Properties, and are not relying on any information provided by the Debtor, MYC or the Debtor's retained professionals.

Q. The Properties will be delivered subject to any and all existing tenancies and occupancies.

R. The Debtor, MYC and the Debtor's retained professionals have not made and do not make any representations or warranties with respect to the permissible use of the Properties, the physical condition, rents, leases, expenses, operations, value of the land or buildings thereon, number of building lots, use or any other matter or thing affecting or related to the Properties or the Sale, that might be pertinent to the purchase of the Properties, including, without limitation: (a) the current or future real estate tax liability, assessment or valuation of the Properties; (b) the potential qualification of the Properties for any and all benefits conferred by or available under federal, state or municipal laws, whether for subsidies, special real estate tax treatment, insurance, mortgages, or any other benefits, whether similar or dissimilar to those enumerated; (c) the compliance or non-compliance of the Properties, in their current or any future state, with applicable current or future zoning ordinances or other land use law or regulation, or the ability of the owner of the Properties to obtain a change in the zoning or use, or a variance in respect to the Properties y; (d) the availability of any financing for the purchase, alteration, rehabilitation or operation of the Properties from any source, including, but not limited to, any state, city, local government  or federal government or institutional lender; (e) the current or future use of the Properties; (f) the present and future condition and operating state of any and all machinery or equipment in the Properties and the present or future structural and physical condition of any building thereon or its suitability for rehabilitation or renovation; (g) the ownership or state of title of any personal property in the Properties; (h) the presence or absence of any laws, ordinances, rules or regulations issued by any governmental authority, agency or board and any violations thereof; (i) any present

        or future issues concerning subdivision or non-subdivision of the Properties; or (j) the compliance or non-compliance of the Property with environmental laws and the presence or absence of underground fuel storage tanks, any asbestos or other hazardous materials anywhere in the Properties. Each bidder hereby expressly agrees and acknowledges that no such representations have been made. The Debtor and its retained professionals are not liable or bound in any manner by expressed or implied warranties, guaranties, promises, statements, representations or information pertaining to the Properties, made or furnished by the Debtor or any real estate broker, agent, employee, servant or other person or professional representing or purporting to represent the Debtor unless such warranties, guaranties, promises, statements, representations or information are expressly and specifically set forth in writing by the Debtor.

S.    The Debtor shall convey the Properties by delivery of a quitclaim deed. The quality of title shall be that which a reputable title insurance company doing business in the State of New York is willing to approve and insure. At the Debtor's option, it may arrange for the issuance of a title insurance policy by such a company, if the Successful Bidder is unable to do so, at the sole cost and expense of the Successful Bidder.

T.    Nothing contained in these Terms and Conditions of Sale shall supersede or alter any provisions of title 11 of the United States Code (the "**Bankruptcy Code**") or of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") or otherwise interfere with the jurisdiction of the Court. To the extent of any conflict between the Bankruptcy Code and/or the Bankruptcy Rules and these Terms and Conditions of Sale, the Bankruptcy Code and/or the Bankruptcy Rules shall govern. All of the terms and conditions set forth in these Terms and Conditions of Sale are subject to modification as may be directed by the Debtor or by the Court. The Debtor reserves the right to modify these Terms and Conditions of Sale at the Sale or thereafter to maintain consistency with the provisions of the Bankruptcy Code and/or prior orders of the Court.

U.    Neither the Debtor, MYC, the Debtor's retained professionals are liable or responsible for the payment of fees of any broker or agent that has not been retained by an order of the Court.

V.    These Terms and Conditions of Sale will be read into the record, or specifically incorporated by reference, at the Sale of the Properties.

                By making a bid for the Properties, all bidders will be deemed to have acknowledged having read these Terms and Conditions of Sale and have agreed to be bound by them.

W.      The Debtor shall be a party to the Sale of the Properties exclusively in its capacity as a debtor-in-possession in bankruptcy and not as an individual. If the Debtor is unable to deliver title to the Properties in accordance with these Terms and Conditions of Sale for any reason whatsoever, its only obligation will be to refund the Deposit to the Successful Bidder (or Second Bidder) and upon such refund the Successful Bidder (or Second Bidder) will have no recourse or claim against the Debtor, MYC or the Debtor's retained professionals.

X.      The Debtor may not withdraw the Properties from sale or cancel the sale for any reason absent consent of each of the Secured Creditors or separate order of this Court and any such order cancelling the Sale or withdrawing one or more Properties must be based upon notice and opportunity to object.

Y.      The Sale of the Properties is subject to confirmation by the Court. The Debtor or its bankruptcy counsel shall notify the Successful Bidder whether the Sale is confirmed. Any disputes concerning the Sale shall be determined by the Court. By participating in the Sale, all bidders consent to the jurisdiction of the Court to determine such disputes arising in the Debtor's pending case.

Z.      By making a bid for the Properties, all bidders will be deemed to have acknowledged having read these Terms and Conditions of Sale and have agreed to be bound by them.

**ORDERED**, that the Court shall conduct a hearing in connection with the Auction Sale and confirmation of the Auction Sale on July 26, 2018, at 3:00 p.m. ("Sale Hearing Date"); and it is further

**ORDERED**, that at the conclusion of said Auction Sale, the Debtor may recommend to the Court the proposed successful bidder and ask that the Court approve the sale to such successful bidder; and it is further

**ORDERED**, that the Debtor is authorized to sell to the proposed successful bidder, subject to higher and better offers, the estate's interest in the Properties, free and clear of all liens, claims, encumbrance, and other interests, with such liens, claims, encumbrances and other interests to attach to the proceeds of the Auction Sale in order of priority to the extent that the liens existed prior to the filing of the petition on August 3, 2016, under Bankruptcy Code Sections 363(b), (f) and (m); and it is further

**ORDERED**, that the Auction Sale of the Properties is expressly subject to any and all occupancies, hold-overs, tenancies and/or leases, or any other possessory interest in the Properties that may exist; and it is further

**ORDERED**, that the proceeds of the Auction Sale are to be held by the Debtor in a segregated account; and it is further

**ORDERED**, that no funds are to be disbursed without further order of the Court; and it is further

*[The remainder of this page is intentionally left blank]*

Case 1-16-43485-nhl    Doc 84    Filed 06/23/18    Entered 06/25/18 08:01:38

**ORDERED**, that the Debtor shall serve a copy of this Order upon all creditors, any party having filed a notice of appearance and demand for service in this case, parties in interest and any party that has expressed an interest in the Properties, by not later than five (5) days after the date of entry of this Order, and shall file an affidavit of service attesting to service of the Order; and it is further

**ORDERED**, that the Court shall retain jurisdiction to resolve any disputes arising or related to this Order, and to interpret, implement and enforce the provisions of this Order.



**Dated: June 23, 2018**
      **Brooklyn, New York**

_____
**Nancy Hershey Lord**
**United States Bankruptcy Judge**