**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>**ZENITH MANAGEMENT I, LLC,**<br><br>Debtor. | Chapter 11<br><br>Case No. 1-16-43485-nhl |

### ORDER APPROVING DEBTOR'S SALE OF PROPERTY FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES AND OTHER INTERESTS

Upon the *Debtor's Amended Application for an Order, Pursuant to 11 U.S.C. §§ 105(a) and 363 Approving Bid Procedures* [ECF No. 70] (the "Sale Motion") of Zenith Management I, LLC (the "Debtor"),[1] by and through its attorneys the Law Offices of Gabriel Del Virginia; and upon the *Objections to* the Sale Motion filed by each New York Community Bank [ECF No. 76] and Karla Vera [ECF No. 77]; and this Court having reviewed and approved the Sale Motion by Order dated June 23, 2018 [ECF No. 84]; and an auction sale having taken place on July 26, 2018 (the "Auction"), pursuant to *Terms and Conditions of Sale* and conducted by MYC Associates ("MYC"), at which auction that certain real property of the Debtor located at 99-13 43rd Avenue, Corona, New York 11368 (the "Property") was sold to highest bidder (the "Sale"): Mr. Tom Sideris (the "Purchaser") for the consideration of nine hundred five thousand dollars ($905,000; the "Purchase Price"); and the Purchaser having executed the Terms and Conditions of Sale and, following his successful bid at the Auction, a Memorandum of Sale (collectively, the "Purchase Agreement"); and a hearing having been held on July 26, 2018 to consider the relief requested in the Sale Motion (the "Sale Hearing"); and good and sufficient notice of the Sale Motion having been given to all parties entitled thereto;

---

[1] Capitalized terms used by not defined herein shall have the meanings ascribed to them in the Sale Motion or Bid Procedures.

**NOW, THEREFORE**, upon the record of the Sale Hearing and upon all prior pleadings and proceedings in this case, and after due deliberation thereon and good cause appearing therefor,

**IT IS HEREBY FOUND AND DETERMINED THAT:**

A.     The United States Bankruptcy Court for the Eastern District of New York (the "Court") has jurisdiction to consider the Sale Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

B.      The statutory predicates for the relief sought in the Sale Motion are sections 105(a), 363 and, to the extent applicable, 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004 and 6006.

C.     Proper, timely, adequate and sufficient notice of the Sale Motion and the relief requested therein, the Sale Hearing, the Sale, and the transactions described in the Purchase Agreement has been provided by the Debtor in accordance with sections 102(1), 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 2002, 6004, 6006 and 9006.

D.     As demonstrated by (i) testimony and/or other evidence proffered at the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtor actively marketed the Property and the Purchase Price appears to be the highest and best offer likely to be received for the Property.

E.     Creditors, parties-in-interest and other entities have been afforded a reasonable opportunity to object or be heard regarding the Sale Motion and the relief requested therein has been afforded to all interested persons and entities.

F.      The Debtor has authority to consummate the Sale pursuant to the Sale Motion and all other documents contemplated thereby, and no consents or approvals, other than those expressly provided for in the Sale Motion, are required for the Debtor to consummate the Sale.

G.      Approval and consummation of the Sale are in the best interests of the Debtor's estate, its creditors, and other parties-in-interest.

H.      The Debtor has demonstrated (i) a good, sufficient, and sound business purpose and justification and (ii) compelling circumstances for the Sale pursuant to sections 363(b) and (f) and (l) of the Bankruptcy Code.

I.      The Auction was negotiated, proposed and entered into by and between the Debtor and the Purchaser without collusion, in good faith, and from arm's-length bargaining positions. Neither the Debtor nor the Purchaser engaged in any conduct that would cause or permit the avoidance of the Auction or the Sale, or the imposition of costs or damages under section 363(n) of the Bankruptcy Code.

J.      The Purchaser is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, are entitled to all of the protections afforded thereby in that:  (a) the Purchaser recognized that the was  Debtor free to deal with any other party interested in a transaction regarding the Sale; (b) the Purchaser made the highest or best offer in respect of the Sale; (c) all payments to be made by or to the Purchaser and other agreements or arrangements entered into by the Purchaser in connection with the transactions have been disclosed;  and (d) the negotiation and execution of a Purchase Agreement and any other agreements or instruments related thereto are presumed to be in good faith and an arm's-length transaction between the Purchaser and the Debtor.  The Purchaser acted in good faith and will continue to act in good faith within the meaning

of section 363(m) of the Bankruptcy Code in closing the transactions contemplated by the Purchase Agreement.

K.      The terms and conditions of the Sale are fair and reasonable.  The consideration provided by the Purchaser for Property pursuant to the Auction (i) is fair and reasonable, (ii) is the highest or best offer for the Property, (iii) will provide a greater recovery for the Debtor's creditors than would be provided by any other practical available alternative, and (iv) constitutes reasonably equivalent value and fair consideration under the Bankruptcy Code and applicable non-bankruptcy law.

L.      The Property constitutes property of the Debtor's estate and the Debtor is the sole and lawful owner of the Property, and hold good title thereto.  The transfer of the Property by the Debtor to the Purchaser will be a legal, valid, and effective transfer, and will vest the Purchaser with all right, title, and interest of the Debtor in and to the Property and the Shares and the Lease therefor, free and clear of all liens, claims, interests, obligations, rights, charges and encumbrances, except as specifically provided in the Purchase Agreement.  After the Closing of the Sale under the Purchase Agreement, the Purchaser shall have no liability for any claims asserted against or liabilities of the Debtor or its estate.

M.      The Debtor may sell its interest in the Property free and clear of all liens, interests, obligations, rights, encumbrances, pledges, mortgages, deeds of trust, security interests, claims (including, any "claim" as defined in section 101(5) of the Bankruptcy Code), leases (other than the Lease), possessory leasehold interests, charges, options, rights of first refusal, easements, servitudes, transfer restrictions under any agreement, judgments, hypothecations, demands, licenses, sublicenses, assignments, debts, obligations, guaranties, options, contractual commitments, restrictions, environmental liabilities, options to purchase, and options, in each case

of whatever kind, nature, or description in, against or with respect to any of The Property, having

arisen, existed or accrued prior to and through the Closing, whether direct or indirect, absolute or

contingent, choate or inchoate, fixed or contingent, matured or unmatured, liquidated or

unliquidated, arising or imposed by agreement, understanding, law, equity, statute or otherwise

and whether arising prior to, on or after the Petition Date (collectively, "Liens"), except as

expressly provided in the Purchase Agreement, because one or more of the standards set forth in

section 363(f)(1)–(5) have been satisfied with regard to each such Lien, Claim and/or Interest.

Those non-debtor parties with Liens in or with respect to the Property who did not object, or who

withdrew their objections to the Sale or the Sale Motion, are deemed to have consented to the sale

of the Property free and clear of those non-debtor parties' Liens.  At the Closing (defined below)

of the Sale, as set forth below, all Liens, Claims and Interests shall attach to the net sales proceeds

in the order of priority at which they each existed before the Sale.

## NOW THEREFORE, IT IS HEREBY ORDERED THAT:

### General Provisions

1.      The Sale is approved to the extent set forth herein.

2.      The findings of fact set forth above and conclusions of law set forth herein

constitute this Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052,

made applicable to this case pursuant to Bankruptcy Rule 9014.  To the extent any finding of fact

later shall be determined to be a conclusion of law, it shall be so deemed, and to the extent any

conclusion of law later shall be determined to be a finding of fact, it shall be so deemed.

3.      All objections, if any, to the Sale Motion or the relief requested therein that have

not been withdrawn, waived, or settled, and all reservations of rights included in such objections,

are hereby overruled on the merits with prejudice, and in each case, all parties which asserted such

objections and reservations of rights are enjoined from taking any action against the Purchaser, her affiliates or any agent to recover any claim which such person or entity has solely against the Debtor or their estate.

### Approval of the Purchase Agreement

4.      The Sale, and all of the terms and conditions and transactions contemplated, are hereby authorized and approved pursuant to sections 105(a), 363 and 365 of the Bankruptcy Code.

5.      Pursuant to sections 363 and 365 of the Bankruptcy Code, the Debtor is authorized to consummate the Sale pursuant to and in accordance with the terms and conditions of the Purchase Agreement and shall at all times act in accordance with the terms thereof and this Order and as set forth on the record at the Sale Hearing conducted on July 26, 2018..

6.      The Debtor is authorized to expend such funds and to execute and deliver, and empowered to perform under, consummate, and implement the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary, convenient or desirable to implement the Purchase Agreement and consummate the Sale pursuant thereto and effectuate the provisions of this Order and the transactions approved hereby, and to take all other actions as may be necessary for the purpose of assigning, transferring, granting, conveying and conferring to the Purchaser, or reducing to possession, the Property, or as may be necessary or appropriate to the performance of the obligations as contemplated by the Purchase Agreement and this Order.

### Transfer of the Property

7.      Except as expressly provided in the Purchase Agreement, pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the closing of the Sale (the "Closing"), the Property (and good and marketable title to such) with all of the Debtor's rights, title and interest

therein shall be transferred to the Purchaser free and clear of all Liens, with all such Liens to attach to the net cash proceeds of the Sale in the order of their priority, with the same validity, force and effect which they now have as against the Property, subject to any claims and defenses, setoffs or rights of recoupment that the Debtor or its chapter 11 estate may possess with respect thereto.

8.    Except as expressly provided in the Purchase Agreement, all persons and entities (and their respective successors and assigns) including, but not limited to, all governmental, tax, and regulatory authorities, lenders, trade and other creditors, holding Liens (whether legal or equitable, secured or unsecured, matured or unmatured, contingent or non-contingent, senior or subordinated) against, in or with respect to the Debtor and/or the Property arising or accruing under or out of, in connection with, or in any way relating to, the Debtor, the Property, or the transfer of the Property to the Purchaser, hereby are forever barred, estopped, and permanently enjoined from asserting such persons' or entities' Liens against the Property or the Purchaser or any of the Purchaser's successors or assigns.  Following the Closing of the Sale under the Purchase Agreement, no holder of a Lien shall interfere with the Purchaser's title to or use and enjoyment of the Property based on or related to such Lien or any actions that the Debtor have taken or may take in this chapter 11 case.  Effective upon the Closing, the Purchaser shall have no liability for any Claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtor or its estate concerning the Property.

9.    The transfer of the Property to the Purchaser pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Property, and shall vest the Purchaser with all right, title, and interest of the Debtor in and to the Property.

10.    To the extent that the Debtor's sale of the estate's interest in the Lease constitutes an assumption and assignment of the Lease, the Debtor is authorized to assume and assign the Lease to the Purchaser.

**Additional Provisions**

11.    The proceeds of the Sale shall be subject to the attachment of the existing liens in the order of their priority and all funds remaining after the payment of necessary and customary costs of closing (the "Net Sale Proceeds") shall be held in escrow by the Debtor's counsel pending the resolution of any secured claims to such proceeds, and upon further order of the Court; *provided however,* that as set forth on the record at the Sale Hearing, the Debtor shall pay at the Closing from the Net Sales Proceeds, **first,** to New York Community Bank ("NYCB"), no less than NYCB's prepetition judgment amount, plus accrued prepetition and postpetition judgment rate interest through the date of Closing and, to the extent that Debtor or any other party in interest disputes any portion of NYCB's payoff amount, the Debtor shall reserve sufficient funds from Net Sales Proceeds at the Closing for payments of those amounts asserted by NYCB that the Debtor or any other party disputes; and **second**, to the extent that Net Sales Proceeds continue to exist following the payment to NYCB, and the reserves required as set forth immediately above, to judgment creditor Karla Vera ("Vera") (by check payable to Law Offices of Bernard D'Orazio & Associates, P.C.) no less than Vera's prepetition judgment amount, plus accrued prepetition and postpetition judgment rate interest through the date of Closing.

12.    Without limiting the other terms of this Order, prior to or upon the Closing, each of the Debtor's creditors are authorized and directed to execute such documents and take all other actions as may be necessary to release their interests, if any, in the Property as such Liens may have been recorded or may otherwise exist.

13. Except as expressly provided in the Purchase Agreement, this Order (a) shall be effective as a determination that, upon the Closing, all Liens existing with respect to the Property prior to the Closing have been unconditionally released, discharged and terminated as to the Purchaser and the Property, and that the conveyances described herein have been effected, and (b) shall be binding upon all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of deeds, registrars of deeds, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title or state of title in or to the Property.

14. Each and every federal, state, and local governmental agency or department or office is hereby directed to accept this Order and any and all documents and instruments necessary and appropriate to consummate the transactions contemplated by the Purchase Agreement.

15. Without limiting the other provisions of this Order, if any person or entity that has filed financing statements, mortgages, mechanic's liens, *lis pendens* or other documents or agreements evidencing interests with respect to the Debtor and/or the Property shall not have delivered to the Debtor or their designee prior to the Closing, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all interests which the person or entity has with respect to the Debtor, the Property or otherwise, then (a) the Debtor is hereby authorized and directed to execute and file such statements, instruments, releases and other documents on behalf of the person or entity with respect to the Property and (b) the Purchaser is hereby authorized to file, register, or otherwise record a certified copy of this Order, which, once filed, registered, or otherwise recorded, shall constitute conclusive evidence of

the release of all Liens against or with respect to the Property. This Order is deemed to be in recordable form sufficient to be placed in the filing or recording system of each and every federal, state, and local governmental agency, department, or office.

16.     The Property shall be conveyed by the Debtor as chapter 11 debtor in possession to, and accepted by the Purchaser "AS IS", "WHERE IS", "WITHOUT FAULTS", "WITHOUT ANY EXPRESS OR IMPLIED WARRANTY OR REPRESENTATION OF ANY KIND," except as expressly provided in the Purchase Agreement and this Order. Without limiting the generality of the foregoing, neither the Debtor nor any other person or entity makes any warranty or representation regarding the condition, working order, existence, quantity or location of such assets, and the Purchaser shall have no recourse and may not assert any claim against the Debtor, their estate, or their representatives based on any such warranty or representation.

17.     This Court hereby retains exclusive jurisdiction, regardless of whether a chapter 11 plan has been proposed, confirmed and consummated and irrespective of the provisions of any such plan or order confirming such plan, to enforce and implement this Order, the terms and provisions of the Purchase Agreement, all amendments thereto, any waivers and consents thereunder, and of each of the agreements executed in connection therewith in all respects including, but not limited to, retaining jurisdiction to (a) compel compliance with this Order and the Purchase Agreement, (b) resolve any dispute, controversy or claim arising under or related to the Purchase Agreement, or the breach thereof and (c) interpret, implement, and enforce the provisions of this Order and resolve any disputes related thereto.

18.     Nothing contained in any plan confirmed in this chapter 11 case or any order of this Court confirming such plan shall conflict with or derogate from the provisions of the Purchase Agreement or the terms of this Order.

19.     The transactions contemplated by the Purchase Agreement are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code.  The Purchaser are good faith purchaser of the Property and are entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.  Accordingly, any reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale to the Purchaser.

20.     The terms and provisions of the Purchase Agreement and this Order shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, its estate and creditors, the Purchaser, and any of such parties' respective affiliates, designees, successors, and assigns, and shall be binding in all respects upon all of the Debtor's creditors, all prospective and actual bidders for the Property, and all persons and entities receiving notice of the Sale Motion, and/or the Sale Hearing notwithstanding any subsequent appointment of any examiner(s) or receiver(s) under any chapter of the Bankruptcy Code or any other law, and all such provisions and terms shall likewise be binding on such trustee(s), examiner(s), or receiver(s) and shall not be subject to rejection or avoidance by the Debtor, their estates, their creditors, or any examiner(s) or receiver(s).

*[The Order continues on the following page.]*

21.     The failure specifically to include in this Order any particular provision of the Purchase Agreement shall not diminish or impair the effectiveness of such provision, it being the intent of this Court that the Purchase Agreement be authorized and approved in its entirety.

22.     The Purchase Agreement and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto, in a writing signed by both parties, and in accordance with the terms thereof, without further order of this Court, provided that any such modification, amendment or supplement does not materially change the terms of the Purchase Agreement or of this Order.



**Dated: August 23, 2018**
**Brooklyn, New York**

_____
**Nancy Hershey Lord**
**United States Bankruptcy Judge**