**LAW OFFICES OF GABRIEL DEL VIRGINIA**          **Presentment Date: 11/2/18 @ noon**
30 Wall Street, 12th Floor                                                  **Objections Due: 11/1/18 @ 5:00 p.m.**
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

*Attorneys for the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:                                                                        Chapter 11

    **ZENITH MANAGEMENT I, LLC,**                  Case No. 16-43485 (NHL)

                      Debtor.

## NOTICE OF PRESENTMENT OF DEBTOR'S APPLICATION PURSUANT TO SECTIONS 327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF EDWARD ALPER AS SPECIAL LITIGATION AND REAL ESTATE COUNSEL EFFECTIVE *NUNC PRO TUNC* TO JULY 1, 2018.

**PLEASE TAKE NOTICE** that the undersigned will present  the application (the "Application") of Zenith Management I, LLC, the above-captioned debtor and  debtor-in-possession (the "Debtor") seeking entry of an order authorizing the retention and employment of Edward Alper, Esq. as special litigation counsel for the Debtor to the Honorable Nancy Hershey Lord, United States Bankruptcy Judge, at her Honor's Chambers, United States Bankruptcy Court, Eastern District of  New  York, Conrad B. Duberstein Courthouse, 271-C Cadman Plaza East - Suite 1595, Brooklyn, NY 11201-1800, for signature on **November 2, 2018, at 12:00 noon, prevailing Eastern time;**

**PLEASE  TAKE  FURTHER  NOTICE** that objections, if any, to the relief requested in the Application must be in writing, must conform to the Federal Rules of

Bankruptcy Procedure and the Local Bankruptcy Rules of the Bankruptcy Court for the Eastern District of New York (the "Court"), must set forth the name of the objecting party, and the basis for the objection and the specific grounds therefor, and must be filed with the Court electronically, (with a hard copy delivered directly to chambers), and any objection must further be served upon: (i) Law Offices of Gabriel Del Virginia, 30 Wall Street, 12th Floor, New York, New York 10005, Attention: Gabriel Del Virginia, Esq. and (ii) the United States Trustee's Office for the Eastern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attention: Nazar Khodorovsky, so as to be received no later than **November 1, 2018 at 5:00 p.m. prevailing Eastern Time;**

**PLEASE TAKE FURTHER NOTICE** that, if an objection is timely filed, a hearing date will be set at which the Court will consider the Application and any objections thereto;

**PLEASE TAKE FURTHER NOTICE** that, unless objections are timely filed and received, the relief requested in the Application may be granted without a hearing.

Dated:  New York, New York
        October 29, 2018

**LAW OFFICES OF
GABRIEL DELVIRGINIA**

*Attorneys for the Debtor and
Debtor-in-Possession*

B**y**: *Gabriel Del Virginia*
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

*Attorneys for the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | |
| **ZENITH MANAGEMENT I, LLC,** | Chapter 11 |
| Debtor. | Case No. 16-43485 (NHL) |

**DEBTOR'S APPLICATION PURSUANT TO SECTIONS 327(e), 328(a)**
**AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014**
**AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN**
**ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF**
**EDWARD ALPER AS SPECIAL LITIGATION AND REAL ESTATE COUNSEL**
**EFFECTIVE *NUNC PRO TUNC* TO JULY 1, 2018.**

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

  Zenith Management I, LLC, the above-captioned debtor and debtor-in- possession

(the "<u>Debtor</u>"), by and through its attorneys, the Law Offices of Gabriel Del Virginia,

respectfully submits this application (the "<u>Application</u>") for entry of an order,

substantially in the form attached hereto as <u>Exhibit A</u>, authorizing the Debtor to retain

Edward Alper, Esq. ("<u>Mr. Alper</u>") as special litigation and real estate counsel to the

Debtor, *nunc pro tunc* to July 1, 2018 pursuant to sections 327(e), 328(a) and 330 of title

11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014 and 2016 of the Federal

Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "<u>Local Rules</u>"). In support of the Application, the Debtor submits the Declaration of Edward Alper, Esq. (the "<u>Alper Declaration</u>"), attached hereto as <u>Exhibit B</u>. In further support of the Application, the Debtor respectfully represents:

## JURISDICTION

1.      This Court has jurisdiction to consider and determine this application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The legal predicates for the relief requested herein are sections 327(e), 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1.

## BACKGROUND

4.      The Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code on August 3, 2016 (the "<u>Petition Date</u>").

5.      The Debtor continues to manage its property as a debtor-in-possession. No trustee or examiner has been appointed in this case, and no official committee of unsecured creditors has been appointed.

6.      The Debtor is a corporation. The Debtor's principal assets consist of two (2) pieces of real property located at: (i) 99-13 43rd Avenue, Corona, New York 11368 (the "<u>Corona Property</u>"); and (ii) 108-20 48th Avenue, Flushing, New York 11368 (the

"Flushing Property", together, the "Property"), each being valued at approximately $1.2 million. By order of this Court on August 23, 2018, the Debtor's sale of the Corona property was approved, and the closing of that sale will occur in the coming weeks.

7.      The Debtor require the assistance of special counsel to provide services on both real estate transaction and litigation matters.  First, it should be noted that the Debtor's sale of its Corona property will bring funds into the estate and satisfy secured creditors.  Second, Debtor has some landlord-tenant matters that may have to be prosecuted by Mr. Alper.

8.      The Debtor requires special litigation counsel to pursue several tenants in default under their leases for nonpayment of rent.  As such, the Debtor seeks an order of this Court, pursuant to sections 327(e), 328(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-1, authorizing the Debtor to employ and retain Mr. Alper, to serve as special real estate and litigation counsel to the estate.

## RETENTION OF MR. ALPER

9.      The Debtor seeks to retain Mr. Alper as special litigation counsel because of his experience, knowledge and familiarity with commercial and real estate litigation.  Mr. Alper has practiced law for more than 35 years in these areas of practice, and has handled all aspects of litigation, from the onset of the actions, through the discovery phase, trials and appeals. Accordingly, the Debtor submits that Mr. Alper's knowledge, expertise, and experience in these practice areas qualifies him to work on behalf of the Debtor's estate in the most efficient and cost-effective manner.

10.      Mr. Alper's services are necessary for the Debtor's estate to pursue remedies

5

available to it which, the Debtor believes, may result in savings and possibly collections for the Debtor's estate.  No other law firm is providing the Debtor with the services. Mr. Alper will work with the Debtor's counsel to ensure that the services provided by each firm are not duplicative.

11.    The Debtor respectfully submits that Mr. Alper is well-qualified to provide the services required to pursue litigation in an efficient and cost-effective manner, and his retention as special litigation counsel is in the best interest of the Debtor and its estate.

## NO ADVERSE INTEREST

12.    Mr. Alper has conducted a conflict check of all interested parties.  To the best of the Debtor's knowledge and based upon the Alper Declaration, Mr. Alper has not represented, nor does he now represent, any interest adverse to the Debtor with respect to the matters on which it is to be employed.[1] As discussed in the Alper Declaration, although Mr. Alper performed work for the Debtor prior to the Petition Date, the work was done on unrelated matters for which Mr. Alper has been paid in full.  As such, Mr. Alper has no claim against the Debtor's estate.

## PROFESSIONAL COMPENSATION

13.    Subject to Court approval, and in accordance with section 330(a) of the Bankruptcy Code and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "Fee Guidelines"), and as set forth in the Alper Declaration, the Debtor will compensate Mr. Alper on an hourly basis, plus

---

[1] If any new facts or circumstances are discovered, Mr. Alper will supplement his disclosure to the Court.

reimbursement of actual, necessary expenses and other charges incurred according to his customary reimbursement policies. Mr. Aper's billing rate is $325.00 per hour, subject to periodic adjustments.

14.    Mr. Alper will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of services rendered.

15.    Mr. Alper will also seek reimbursement for reasonable expenses incurred in connection with its representation of the Debtor, consistent with the Fee Guidelines.

## BASIS FOR RELIEF

16.    Section 327(e) of the Bankruptcy Code authorizes a debtor in possession to employ one or more attorneys to represent the debtor on specified matters so long as those attorneys do not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which they are to be employed. *See* 11 U.S.C. § 327(e).   Moreover, section 1107(b) of the Bankruptcy Code provides that "a person is not disqualified for employment under section 327 . . . solely because of such person's employment by or representation of the debtor before the commencement of the case."   *See* 11 U.S.C. § 1107(b).

17.    Section 328(a) of the Bankruptcy Code authorizes the employment of a professional person "on any reasonable terms and conditions of employment . . ." 11 U.S.C. § 328(a).

18.    As discussed above and in the Alper Declaration, Mr. Alper holds no claims against or interests adverse to the Debtor or its estate. As such, Mr. Alper is qualified to be retained under section 327(e) because he does not have an "interest adverse to the debtor

7

or to the estate with respect to the matter on which [he] is to be employed." 11 U.S.C. § 327(e).

19. For the reasons set forth in this Application and the Alper Declaration, the Debtor submits that Mr. Alper's retention and employment satisfies section 327(e) and this Application should be approved.

## **NO PRIOR REQUEST**

20. No prior application for the relief requested herein has been made to this or any other Court.

## **WAIVER OF STAY**

21. To the extent applicable, the Debtor also requests that the Court waive the stay imposed by Bankruptcy Rule 6004(h), which provides that "[a]n order authorizing the use, sale, or lease of property other than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the Court orders otherwise." Fed. R. Bankr. P. 6004(h). Accordingly, the Debtor respectfully request that the Court waive the fourteen-day stay imposed by Bankruptcy Rule 6004(h), as the need for the relief sought herein justifies immediate relief.

## **NOTICE**

22. Notice of this Application has been provided to the United States Trustee's Office for the Eastern District of New York, 201 Varick Street, Suite 1006, New York, New York 10014, Attention: Nazar Khodorovsky, Esq. In light of the nature of the relief requested, the Debtor submits that no other or further notice is necessary.

## **CONCLUSION**

**WHEREFORE**, the Debtor respectfully requests entry of the Order

substantially in the form annexed hereto as **Exhibit A** authorizing the relief requested

herein and granting such other and further relief as is just and proper.

Dated:      New York, New York
             October 29, 2018

                        **LAW OFFICES OF GABRIEL DEL VIRGINIA**

                        *Attorneys for the Debtor*
                        *and Debtor-in-Possession*

                        **By:** *Gabriel Del Virginia*
                        Gabriel Del Virginia
                        30 Wall Street, 12th Floor
                        New York, New York 10005
                        Telephone: 212-371-5478
                        Facsimile: 212-371-0460

                        *gabriel.delvirginia@verizon.net*

**EXHIBIT A – PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:                                                    Chapter 11

      **ZENITH MANAGEMENT I, LLC,**          Case No. 16-43485 (NHL)

                  Debtor.

**ORDER GRANTING DEBTOR'S APPLICATION PURSUANT TO SECTIONS
327(e), 328(a) AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES
2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN
ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF
EDWARD ALPER, ESQ., AS SPECIAL LITIGATION AND REAL ESTATE
COUNSEL**

Upon consideration of the application (the "<u>Application</u>")[2] of the debtor and debtor-in-possession in the above-captioned case (the "<u>Debtor</u>") for entry of an order pursuant to sections 327(e), 328(a) and 330 of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "<u>Local Rules</u>") approving the retention of Edward Alper ("<u>Mr. Alper</u>") as special litigation and real estate counsel for the Debtor upon the terms and conditions in the Application and the Declaration of Edward Alper (the "<u>Alper Declaration</u>") annexed thereto as **Exhibit B**; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that the relief requested in the Application is in the best interest of this estate; and the Court being satisfied, based on the representations made in the Application and the Alper Declaration that Mr. Alper neither represents nor holds any

---

[2] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Application.

11

interest adverse to the Debtor's estate and that he is disinterested under section 101(14) of the Bankruptcy Code; and due and appropriate notice of the Application having been given; and it appearing that no other or further notice need be provided; and good and sufficient cause appearing therefor, it is

**ORDERED**, that the Application is GRANTED as provided herein; and it is further

**ORDERED**, that in accordance with sections 327(e), 328(a) and 330 of the Bankruptcy Code, the Debtors are hereby authorized to retain Mr. Alper as special litigation and real estate counsel, effective as of July 1, 2018 as provided in the Application and the Alper Declaration and, more specifically, to handle real estate closing and landlord-tenant litigation; and it is further

**ORDERED,** that to the extent of any inconsistencies among the Application, the Alper Declaration and this Order, the terms of this Order shall govern; and it is further

**ORDERED,** that Mr. Alper shall be compensated in accordance with the sectionos 330 and 331 of the Bankruptcy Code, subject to notice and a hearing and to review for reasonableness the Bankruptcy Rules and the Local Bankruptcy Rules; and it is further

**ORDERED,** that prior to applying any increases in his hourly rates beyond the rates set forth in the Application, Mr. Alper shall provide ten days' notice of any such increase to the Debtor and the United States Trustee; and it is further

**ORDERED,** that notwithstanding any stay that might be imposed by Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof; and it is further

**ORDERED,** that the Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**NO OBJECTION**
**Dated:        October    , 2018**


**UNITED STATES TRUSTEES' OFFIC**
**EASTERN DISTRICT OF NEW YORK**

_____
**<u>Nazar Khodorovksy, AUSA</u>**

**EXHIBIT B – ALPER DECLARATION**

**LAW OFFICES OF GABRIEL DEL VIRGINIA**
30 Wall Street, 12th Floor
New York, New York 10005
Telephone: 212-371-5478
Facsimile: 212-371-0460
*gabriel.delvirginia@verizon.net*

*Attorneys for the Debtor*
*and Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| **ZENITH MANAGEMENT I, LLC,** | Case No. 16-43485 (NHL) |
| Debtor. | |

### DECLARATION OF EDWARD ALPER IN SUPPORT OF DEBTOR'S APPLICATION PURSUANT TO SECTIONS 327(e), 328(a), AND 330 OF THE BANKRUPTCY CODE, BANKRUPTCY RULES 2014 AND 2016, AND LOCAL RULES 2014-1 AND 2016-1 FOR ENTRY OF AN ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF EDWARD ALPER AS SPECIAL LITIGATION AND REAL ESTATE COUNSEL

I, Edward Alper, pursuant to 28 U.S.C. § 1746, hereby declare that the following is true to the best of my knowledge, information, and belief:

1.      I am the principal of the Law Offices of Edward Alper (the "Firm"), which maintains an office at The Law Offices of Edward Alper, with offices at 75 Maiden Lane, Suite 214, New York, New York 10038.  I am admitted and in good standing to practice law in this Court

2.      I make this Declaration in support of the application (the "Application")[2] of the Debtor for an Order, pursuant to Bankruptcy Code sections 327(e), 328(a), and 330,

Bankruptcy Rules 2014(a) and 2016, and Local Rules 2014-1 and 2016-1 authorizing the employment of the Firm as special litigation and real estate counsel to the Debtor. Except as otherwise indicated, I have personal knowledge of the matters set forth herein and, if called as a witness, would testify competently thereto.

## A.    Scope of Services

3.    The Debtor's principal assets consist of two (2) pieces of real property located at: (i) 99-13 43rd Avenue, Corona, New York 11368 ; and (ii) 108-20 48th Avenue, Flushing, New York 11368 (together, the "Property"). The Debtor require the assistance of special counsel to provide services on multiple matters relating to the Property.

4.    The Debtor requires counsel to handle the closing on the Corona property and the Debtor requires special litigation counsel to pursue several tenants in default under their leases for nonpayment of rent. I've handled matters similar to these in the past on behalf of the Debtor, prepetition.

5.    The Firm has agreed to assist the Debtor in pursuing and defending the various causes of action discussed above under the terms and conditions in this Declaration as well as in the Application. Declarant respectfully submits that the Firm is well qualified to serve as the Debtors' special counsel and to render the necessary services. The Firm has considerable expertise in many areas of law, including substantial experience in the areas of real estate and litigation.

## B.    Disinterestedness and Eligibility

6.    In connection with the preparation of this Declaration, I conducted a review of my contacts with the Debtor and entities holding claims against the Debtor that were made

reasonably known to me. I conducted a search of my internal computer database for names of individuals and entities listed on the Debtor's bankruptcy petition and schedules and lists filed to date to determine whether any persons who are known creditors of the Debtor are, or recently were, my clients. Based on the results of this review, I do not have a relationship with any of the parties in matters related to this proceeding other than as disclosed herein.

7.     I am not a pre-filing "creditor" within the meaning of section 101(10) of the Bankruptcy Code. To the best of my knowledge, I am a "disinterested person" as that term is defined in the applicable portion of section 101(14) of the Bankruptcy Code, in that I am not a creditor of the Debtor and, to the best of my knowledge and based upon the results of the relationship search described above and disclosed herein, I neither hold nor represents an interest adverse to the Debtor, as Debtor has no obligation to me pre-petition. The Firm represented the Debtor prior to the Petition Date.

8.     It is my policy and intent to update and expand my ongoing relationship search for additional parties in interest in an expedient manner. If any new material relevant facts or relationships are discovered or arise, I promptly will file a Bankruptcy Rule 2014(a) Supplemental Declaration.

## C.     Professional Compensation

9.     Subject to the Court's approval, the Firm will charge: (a) $5,000.00 for its work on the Closing and (b) the Firm's current hourly rate of $325.00 for its services on an hourly basis in one-tenth hour (.1) increments for landlord-tenant litigation, which is subject to change from time to time. I will provide separate time records for (a) flat fee services and (b) for hourly rate services, and will insure not to duplicate services.

10.     The Firm will likely incur expenses in connection with its representation of the Debtor.  It is the Firm's general policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case.  The Firm will charge the Debtor for determine. The Firm believes that it is fairer to charge these expenses to the particular client rather than increasing hourly rates uniformly and spreading the expenses among all clients. The Firm does not currently hold a retainer from the Debtor.

11.     The Firm intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with this chapter 11 case in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses (the "Fee Guidelines").  In accordance with section 504 of the Bankruptcy Code, I hereby state that there is no agreement or understanding between the me and any other person or entity for the sharing of compensation received or to be received for services rendered in connection with these proceedings.

This Declaration is provided in accordance with section 327 of the Bankruptcy Code and Bankruptcy Rule 2014.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:      New York, New York
            October 30, 2018

_____

EDWARD ALPER