Bernard D'Orazio & Associates, P.C.   Hearing Date: December ___, 2018
238 West 139th Street       Answering Date: December ___, 2018
New York, New York 10030     Reply Date: December ___, 2018
(212) 608-5300
Attorneys for Judgment Creditor Karla Vera

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

_____

In re:            Chapter 11

ZENITH MANAGEMENT I, LLC,    Case No. 1-16-43485-NHL

    Debtor.

_____

### DECLARATION IN SUPPORT OF ORDER TO SHOW CAUSE

STEVEN G. YUDIN, hereby declares under the penalty of perjury that the foregoing is true and correct:

1. I am Senior Counsel with the Law Offices of Bernard D'Orazio & Associates, P.C., attorneys for Karla Vera, Judgment Creditor in this action.  I am an attorney licensed to practice in the State of New York and am admitted to the bar of this Court.

2. I am fully familiar with the facts and circumstances set forth herein.

3. I respectfully submit this Declaration in support of Ms. Vera's Order to Show Cause for entry of an Order pursuant to 11 U.S.C. §105 for relief (i) punishing Tom Sideris for contempt of court for violating an Order of the Court; (ii) directing Mr. Sideris to account for the dollar amount of real property transfer taxes and related fees and costs paid at the closing of the sale of property previously owned by debtor Zenith Management I, LLC (the "Debtor") located at 99-13 43rd Avenue, Corona, New York 11368 (the "Property") with purchase price funds; (iii) directing Mr. Sideris to pay said amount of real property transfer taxes, fees and costs over to Ms. Vera though her counsel, together with

costs and disbursements including reasonable attorneys' fees associated with this motion; and (iv) for such other and further relief as may be just, proper and equitable.

4.      Ms. Vera is a judgment creditor of Debtor having secured a judgment on April 12, 2016 in the Supreme Court of the State of New York, Queens County, Index No. 2951/2015, in the principal amount of $355,954.79.

5.      On April 4, 2018 Debtor filed a motion to approve bidding procedures for the sale of the Property, and on June 25, 2018 the Court entered an Order pursuant to 11 U.S.C. 105(a), 330 and 363 Approving Bid Procedures (the "Bid Order").  A copy of the Bid Order, entered on the Court docket as Document #84, is attached as Exhibit A.

6.      The Bid Order provided that the successful bidder bear sole responsibility for payment of transfer taxes.  The Bid Order specifically read: "If applicable, the Successful Bidder shall be responsible solely and shall pay any New York City, New York State or other applicable real property transfer taxes incurred by the transfer of the Propert[y] by the estate at the closing."  [Bid Order, ¶M].

7.      The Property was sold on July 26, 2018 at an auction held in the Courthouse conducted by MYC Associates to Tom Sideris, the highest bidder, for the consideration of nine hundred and five thousand dollars ($905,000).

8.      Immediately following the auction on July 26, 2018, a hearing was held before the Honorable Nancy Hershey Lord and the sale was confirmed.  During the hearing Judge Lord specifically stated on the record that Mr. Sideris was purchasing the Property for $905,000 plus was responsible for payment of transfer taxes and fees.

> THE COURT: What's the name of the successful bidder?
> MR. SIDERIS: Tom Sideris.  Tom Sideris.
> THE COURT: Tom –

MR. SIDERIS: S-I-D-E-R-I-S

[Court hearing transcript, a copy of which is attached as Exhibit B, page 6, lines 8-12].

. . . .

THE COURT: The purchaser is paying the transfer taxes?

MR. DEL VIRGINIA [Debtor's counsel]: Correct, Your Honor.

THE COURT: Let's put that on the record. So it's 905,000 plus you're paying the transfer taxes, okay. Well, that's important.

MR. DEL VIRGINIA: It was in the procedures.

THE COURT: Okay, no, I'm just checking. So it's 905 plus the purchaser is paying the transfer taxes, fine.

MR. YAVERBAUM [Real property broker]: Correct, that was in the terms of the sale, correct.

[Court hearing transcript, page 10, lines 13-22].

. . . .

THE COURT: Okay, today I'm confirming the sale to the highest offer, and that is Tom Sideris or whatever entity that he assigns it to. And that for $905,000 plus he's going to pay the transfer fees and it's -- I'm finding that is the best and highest offer, I'm confirming that sale. He's entitled to 363(m) protection. And you should circulate an order.

[Court hearing transcript, page 14, lines 12-18].

9.      On August 24, 2018 the Court entered an Order Approving Debtor's Sale of the Property (the "Sale Order"). A copy of the Sale Order, entered on the Court docket as Document #88, is attached as Exhibit C.

10.     The Sale Order specifically provided that after payment of customary costs of closing the net sales proceeds shall be paid first to New York Community Bank to satisfy its mortgage lien and then to Ms. Vera to satisfy her judgment lien. [Sale Order, ¶11].

11.　　On October 5, 2018 the sale of the Property to Mr. Sideris closed.  Mr. Sideris was represented by counsel, Konstantinos K. Kousiaris, Esq., at the closing.  New York Community Bank was paid in full (with interest and attorneys' fees) with sale proceeds and Ms. Vera was paid the amount of $361,585.  Ms. Vera's claim as of the closing date, with accrued interest, was $435,410.  Ms. Vera's judgment thus remains partially unsatisfied.

12.　　Under the Bid Order and confirmed by Judge Lord in open court, Mr. Sideris was obligated to pay the purchase price for the Property ($905,000) plus the real property transfer taxes and fees.

13.　　The Court mandate was crystal clear, yet Mr. Sideris failed to comply.

14.　　In plain violation of the Bid Order and Judge Lord's confirmation, Mr. Sideris paid the real property transfer taxes and related fees and costs with purchase price funds, effectively leaving considerably fewer dollars available for creditors, and in particular Ms. Vera, who singularly stood to receive those funds pursuant to the terms of the Sale Order.

15.　　To date and despite repeated efforts, none of the parties to the closing generated and/or circulated a closing statement.  Thus, the precise amount of the real property transfer taxes and related fees and costs is unknown but is presumed and estimated to be approximately $30,000.

16.　　Numerous efforts on the part of my office to convince Mr. Sideris to comply with the Bid Order and Judge Lord's sale confirmation, and pay Ms. Vera the shortfall, have been to no avail.

17.　　Mr. Sideris should be held in contempt of court for violating the Bid Order and Judge Lord's confirmation of its terms, and directed first, to account for the dollar amount of real property transfer taxes and related fees and costs paid at the closing of the

sale of the Property with purchase price funds and second, to pay said amount of real

property transfer taxes, fees and costs over to Ms. Vera through her counsel, together with

costs and disbursements including reasonable attorneys' fees associated with this motion.

A Proposed Order is attached as Exhibit D.

18.     Relief through an Order to Show Cause is necessary for "service" purposes

because Mr. Sideris' real estate/closing counsel, Konstantinos K. Kousiaris, Esq., did not

formally appear in the bankruptcy case.  Similarly, while Mr. Sideris appeared in person at

the confirmation hearing and addressed the Court, he did not file a Notice of Appearance.

19.     It is respectfully submitted that service of this Order to Show Cause and the

papers upon which it is based upon Mr. Sideris' counsel be deemed good and sufficient

service upon Mr. Sideris.

20.     No previous application for the relief sought herein has been made to this or

any other Court.

21.     Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated: New York, New York
         November 27, 2018

/s/Steven G. Yudin
Steven G. Yudin, Esq. (SY5071)

**BERNARD D'ORAZIO & ASSOCIATES, P.C.**
Attorneys for Judgment Creditor Karla Vera

238 West 139th Street
New York, New York 10030
(212) 608-5300
syudin@dorazio-law.com