LAW OFFICES OF
# GABRIEL DEL VIRGINIA

30 WALL STREET, 12TH FLOOR
NEW YORK, NEW YORK 10005

TELEPHONE: (212) 371-5478
FACSIMILE: (212) 371-0460
E-MAIL: gabriel.delvirginia@verizon.net

December 10, 2018

*Via ECF*
Hon. Nancy Hershey Lord, U.S.B.J.,
UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK,
271 Cadman Plaza East
Brooklyn, New York 11201-1800

Re:    *Re: Zenith Management I, LLC –*
         *Ch. 11 Case No. 116-43485-NHL*

Honorable Judge Lord:

       We represent the Debtor in the above-referenced case, and we refer to *Debtor's Application to Employ Keller Williams Realty Landmark II as Real Estate Broker for Debtor* [Docket No. 105] ("Broker Application"); which Broker Application is submitted for presentment on December 11, 2018 @ noon.

       Following the filing of the Broker Application, we became aware of an error in said Application, *viz.,* the agreed-to broker commission was erroneously set forth as 6.00%; instead of (the more-favorable) 4.5%.  Upon such discovery, we contacted US Trustee Trial Attorney Nazar Khodorovsky, Esq., who had previously endorsed the original proposed order approving the Broker Application, and who had proffered same to the Court.  Mr. Khodorovsky advised that he would endorse a correct and superceding order in a form substantially similar to one accompanying this submission. Said Order *only* modifies the commission amount as set forth herein.

       Accordingly, we respectfully request that the Court enter a corrected and superceding Order which will be submitted by Mr. Khodorovsky.

       With thank the Court for its consideration of the instant submission.

                                        Respectfully submitted,

                                        Gabriel Del Virginia

Copy to Nazar Khodorovsky, Esq., *U.S. Trustee's Office Trial Attorney*
      *(Via email and ECF)*

Presentment Date: December 11, 2018
Objections Due: December 10, 2018

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:                                                    Chapter 11

     **ZENITH MANAGEMENT I, LLC,**                Case No. 16-43485 (NHL)

             Debtor.

### ORDER PURSUANT TO SECTIONS 327(a) AND 328 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF KELLER WILLIAMS LANDMARK II AS REAL ESTATE BROKER FOR DEBTOR

Upon consideration of the application (the "Application") of Zenith Management I, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor") seeking entry of an order pursuant to sections 327(a) and 328 of the Bankruptcy Code authorizing the employment of Keller Williams Landmark II as real estate broker for the Debtor, *nunc pro tunc* to the November 8, 2018[1] pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules") to market and sell the Flushing Property upon the terms and conditions set forth in the Application, the Listing Agreement and the Vado Affidavit; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that the relief requested in the Application is in the best interests of this estate; and the Court being satisfied, based on the representations made in the Application and the Vado Declaration that

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Application.

Presentment Date: December 11, 2018
Objections Due: December 10, 2018

the Broker neither represents nor holds any interest adverse to the Debtor's estate and that it is disinterested under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code; and due and appropriate notice of the Application having been given; and it appearing that no other or further notice need be provided; and good and sufficient cause appearing therefor, it is

ORDERED, that the Motion is GRANTED as provided herein; and it is further

ORDERED, that in accordance with sections 327(a) and 328 of the Bankruptcy Code, the Debtor is hereby authorized to retain Keller Williams Landmark II as exclusive broker to market and sell the Flushing Property as provided in the Application; and it is further

ORDERED, that the Broker's retention is approved *nunc pro tunc* to the November 8, 2018; and it is further

ORDERED, that if the Broker sells the Flushing Property, the Broker will seek a commission of 4.5% to be calculated from the gross proceeds realized from the sale and will absorb all expenses in connection with the Broker's marketing and sale efforts; and it is further

ORDERED, that the Broker's engagement shall terminate on November 8, 2019; and it is further

ORDERED, that if the Flushing Property is not sold by the termination of the Broker's engagement, the Broker shall not be entitled to any commission; and it is further

Presentment Date: December 11, 2018
Objections Due: December 10, 2018

**ORDERED,** that if the Flushing Property is not sold during the twelve-month term of the Broker's retention, the Broker will receive no commission; and it is further

**ORDERED,** that if there is any conflict between the Listing Agreement and this Order, the terms of this Order shall control; and it is further

**ORDERED,** that the Broker is excused from filing time records and interim fee applications in accordance with United States Trustee Guidelines for the Eastern District of New York and Local Rule 2016-1; provided however, that the Broker shall file a final fee application; and it is further

**ORDERED, that the** Broker's final fee application is (a) subject to notice and a hearing and (b) shall include (i) a summary or estimate of the hours expended on the engagement by the Broker; and (ii) a description of the services rendered by Broker; and it is further

**ORDERED**, that this Court may retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

No Objection:

Office of the United States Trustee

Dated:       December 10, 2018

By:          */s/ Nazar Khodorovsky*

             Nazar Khodorovsky, Trial Attorney

3