Moshie Solomon
LAW OFFICES OF MOSHIE SOLOMON, P.C.
5 Penn Plaza, 23rd Floor
New York, New York 10001
(212) 594-7070
*Counsel for MYC & Associates, Inc.*

**Hearing Date and Time:**
February 7, 2019 at 3:30 p.m.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

ZENITH MANAGEMENT I, LLC

        Debtor.

Chapter 11

Case No. 16-43485 (NHL)

-----------------------------------------------------------X

## SUMMARY SHEET OF FIRST AND FINAL APPLICATION FOR ALLOWANCE OF COMMISSIONS TO MYC & ASSOCIATES, INC. AS REAL ESTATE BROKER

| | |
|---|---|
| Name of Applicant: | MYC & Associates, Inc. |
| Authorized to Provide Professional Services to: | Zenith Management I, LLC<br>Debtor and Debtor-in-Possession |
| Date of Retention: | Order entered on June 21, 2018 (Effective May 1, 2018) |
| Period for which compensation and reimbursement is sought: | May 1, 2018 through December 26, 2018 |
| Amount of compensation requested under Bankruptcy Code § 328(a): | $ 45,250.00 |
| Amount of expense reimbursement requested: | $         0.00 |
| **Total Allowance of Compensation and Expense Reimbursement Requested:** | **$   45,250.00** |
| Less: Amounts Paid to Date: | $         0.00 |
| Net Amount of Compensation and Expense Reimbursement Requested: | **$   45,250.00** |

This is a(n): ___ interim  _x_ final application.

Moshie Solomon
LAW OFFICES OF MOSHIE SOLOMON, P.C.
5 Penn Plaza, 23rd Floor
New York, New York 10001
(212) 594-7070

*Counsel for MYC & Associates, Inc.*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X

In re:

ZENITH MANAGEMENT I, LLC

    Debtor.

Chapter 11

Case No. 16-43485 (NHL)

---------------------------------------------------------X

**FIRST AND FINAL APPLICATION FOR ALLOWANCE
OF COMMISSIONS TO MYC & ASSOCIATES, INC. AS REAL ESTATE BROKER**

TO THE HONORABLE NANCY HERSHEY LORD,
UNITED STATES BANKRUPTCY JUDGE:

  MYC & ASSOCIATES, INC. ("MYC"), through its undersigned counsel, respectfully represents:

  1. MYC submits this application (the "Application") pursuant to sections 328(a) and 330(a) of title 11, U.S. Code (the "Bankruptcy Code"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2016-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), and the Guidelines For Fees and Disbursements for Professionals in Eastern District of New York Bankruptcy Cases adopted on June 4, 2013 (the "Guidelines"), for its first and final allowance, and approval of payment, of commissions for professional services rendered by the Applicant from May 1, 2018 through December 26, 2018.

2. On August 3, 2016, Zenith Management I, LLC (the "Debtor") filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.

3. On June 21, 2018, the Court entered an Order, effective May 1, 2018, authorizing the retention of MYC as the Debtor's real estate broker to market and sell the Debtor's real property located at 99-13 43rd Avenue, Corona, New York (the "Property") [ECF Doc. No. 82]. A copy of the Order approving the retention of MYC is annexed to this Application as Exhibit "A" (the "Retention Order").[1]

4. MYC marketed and showed the Property by, among other methods:

   a. Listing the Property on MYC's website, www.myccorp.com, which is well known as a listing source for distressed assets available for purchase;

   b. Creating and distributing a property flyer to parties who expressed an interest in purchasing the Property;

   c. Placing display ads in the New York Times, Daily News, New York Post and Newsday; and

   d. Sending e-mail blasts to online subscribers and utilized various forms of social media advertising the Property and the sale.

5. On July 26, 2018, MYC conducted an auction (the "Auction") for the Property at the courthouse. The Property was successfully sold at the Auction to Tom Sideris (the "Purchaser"), the highest bidder, in the amount of $905,000. Immediately following the auction, a hearing was held before the Court to approve the Auction, and on August 24, 2018, the Court

---

[1] In the Retention Order, the Court also authorized the Debtor's retention of MYC to market and sell another parcel of the Debtor's real property located at 108-20 48th Avenue, Flushing, New York 11368 (the "Flushing Property"). However, after the entry of the Retention Order, the Debtor decided to retain a different real estate broker to sell the Flushing Property (ECF Doc. No. 105), and MYC has agreed not to seek any commissions or reimbursement of expenses with respect to the Flushing Property.

entered an Order that, *inter alia*, authorized and directed the Debtor to consummate the sale of the Property to the Purchaser.

6. Upon information and belief, on October 3, 2018, the closing on the sale of the Property occurred.

7. Per the Retention Order, MYC seeks a commission from the sale of the Property in the amount of $45,25.00 (the "Commission"), which is calculated as follows:

| | |
|---|---|
| Sale Price | $905,000.00 |
| Commission | 5% |
| Total | $45,250.00  ($905,000 x .05) |

MYC estimates that it has expended more than 100 hours on this matter.

8. MYC has waived and will not seek reimbursement of any out-of-pocket expenses incurred in connection with marketing the Property.

9. In accordance with Bankruptcy Rule 2016(a), Local Rule 2016-1 and the Guidelines, and as set forth on the accompanying Affidavit of Marc Yaverbaum (the "Affidavit") annexed hereto as Exhibit "B", MYC states that: (i) all services for which compensation is sought herein were rendered to the Debtor and its estate solely in connection with this chapter 11 case and not on behalf of any individual creditors and/or other persons; (ii) no agreement or understanding exists between MYC and any other person for a division of compensation to be received for services rendered in, or in connection with, this chapter 11 case, nor shall MYC share or agree to share the compensation paid or allowed from the estate for such services with any other person; and (iii) no agreement or understanding prohibited by § 155 of title 18, United States Code or § 504 of the Bankruptcy Code has been, or will be, made by MYC.

10. Upon information and belief, the Debtor's estate has the funds necessary to pay in full the Commission due and owing to MYC.

11. MYC submits that considering (a) the time and labor required of MYC; (b) the skill required of MYC to perform the services involved; (c) MYC's customary fees for such work; (d) the time limitations upon and pressures borne by MYC; (e) MYC's experience, reputation and ability; (f) the awards under similar circumstances; and (g) the favorable results obtained, the commission sought in this Application is fair and reasonable. Applicant therefore seeks a first and final allowance and payment of commissions in the amount of $45,250.00, representing 100% of the commissions earned for the sale of the Property under the fee arrangement as previously approved by the Court under Bankruptcy Code § 327(a).

12. No previous application for the relief requested herein has been made to this or any Court.

WHEREFORE, MYC seeks entry of an order awarding MYC a first and final allowance and payment of commissions in the amount of $45,250.00, and such other relief as is just.

Dated: New York, New York
December 27, 2018

LAW OFFICES OF MOSHIE SOLOMON, P.C.
5 Penn Plaza, 23rd Floor
New York, New York 10001
(212) 594-7070

By   /s/ Moshie Solomon
        Moshie Solomon, Esq.

*Counsel for MYC & Associates, Inc.*