**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

In re:

**ZENITH MANAGEMENT I, LLC,**

Debtor.

Chapter 11

Case No. 1-16-43485-nhl

**ORDER PURSUANT TO SECTIONS 327(a) AND 328 OF THE**
**BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT OF MYC**
**& ASSOCIATES, INC. AS REAL ESTATE BROKER FOR**
**THE DEBTOR NUNC PRO TUNC**

UPON the application (the "Application") of Zenith Management I, LLC, the above-captioned debtor and debtor-in-possession (the "Debtor") seeking entry of an order pursuant to sections 327(a) and 328 of the Bankruptcy Code authorizing the employment of MYC & Associates, Inc. ("MYC" or the "Broker") as real estate broker for the Debtor *nunc pro tunc*, pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York (the "Local Rules") to market and sell the Properties[1] upon the terms and conditions set forth in the Application and the Yaverbaum Affidavit annexed thereto as Exhibit A; and it appearing that the Court has jurisdiction to consider the Application; and it appearing that the relief requested in the Application is in the best interests of this estate; and the Court being satisfied, based on the representations made in the Application and the Yaverbaum Declaration, that the Broker neither represents nor holds any interest adverse to the Debtor's estate and that it is disinterested under section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy

---

[1] Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to such terms in the Application.

Code; and due and appropriate notice of the Application having been given; and it appearing that no other or further notice need be provided; and good and sufficient cause appearing therefor, it is

**ORDERED**, that the Motion is granted as provided herein; and it is further

**ORDERED**, that in accordance with sections 327(a) and 328 of the Bankruptcy Code, the Debtor is hereby authorized to retain MYC as exclusive broker to market and sell the Properties as provided in the Application; and it is further

**ORDERED**, that the Broker's retention is approved *nunc pro tunc* to May 1, 2018; and it is further

**ORDERED**, that if the Debtor successfully refinances one or both of the Properties and they need not to be sold, the Broker will seek a fee of $15,000 per property plus reimbursement of all expenses; and it is further

**ORDERED**, that if one or both of the Properties are successfully sold by the Broker, the Broker will seek a commission of 5% to be calculated from the gross proceeds realized from the sale of the Property or Properties and will absorb all expenses in connection with the Broker's marketing and sale of the Properties; and it is further

**ORDERED,** that the Broker is excused from filing time records and interim fee applications in accordance with United States Trustee Guidelines for the Eastern District of New York and Local Rule 2016-1; provided however, that the Broker shall file a final fee application, subject to Notice and a Hearing, and Broker shall set forth in said application an estimated total of hours spent, and if Broker seeks reimbursement of expenses with regards to refinance services, such expense request shall be included in any final fee application, and such expenses shall be subject to a review for reasonableness pursuant to 11 U.S.C. § 330; and it is further

**ORDERED**, that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

No Objection:

Office of the United States Trustee

Dated:    June 21, 2018

By:    _/s/ Nazar Khodorovsky_
         Nazar Khodorovsky, Trial Attorney



**Dated: June 21, 2018**
**Brooklyn, New York**

**Nancy Hershey Lord**
**United States Bankruptcy Judge**